Opinion by
Mr. Chief Justice McWilliams.
Ida Lewis doing business as Ritz Cab Company, hereinafter referred to as Ritz, filed an application with the Public Utilities Commission for an extension of Certificate of Public Convenience and Necessity PUC No. 1481 to the end that Ritz, which already had the authority to operate a maximum of 22 taxicabs, would be authorized to operate an additional 15 cabs. The application was later amended by Ritz so as to reduce the number of additional units requested from 15 to 10.
Yellow Cab, Inc. and Checker Cab, Inc., hereinafter referred to as Yellow or Checker or collectively as the protestants, appeared before the Commission and filed formal protest to the Ritz application.
Upon hearing Ritz called one witness, its general manager, who testified at considerable length upon the past, present and proposed future operation of Ritz, with some of his testimony bearing on the ultimate issue of public convenience and necessity. Upon the conclusion of Ritz’s evidence, the protestants moved to dismiss the application on the ground that Ritz failed to show that public convenience and necessity required extension of authority. Ruling on this motion was reserved, whereupon the protestants called one witness, namely the general manager of a competing cab company which operated in the same general geographical area as does Ritz.
Thereafter, by its decisions numbered 70530, 70665 and 70666, the Commission denied protestants’ motion to dismiss and granted the application of Ritz. In support thereof the Commission found, among other things, that public convenience and necessity did require the increase *359 in number of cabs requested by Ritz and authorized the use by Ritz of a maximum of 32 vehicles. Upon judicial review of this administrative order the trial court entered judgment affirming the decision of the Commission and by this writ of error the protestants seek reversal of the judgment thus entered.
Upon oral argument of this case it developed that Yellow had itself recently sought and obtained from the Commission authority to add an additional 25 cabs to its fleet, which represented an increase in the number of cabs which could lawfully be operated by Yellow of about 10%. However, the increase in number of cabs granted Ritz represents an increase of nearly 50%, and counsel upon oral argument candidly admitted that it was the size of the increase granted Ritz which in reality prompted the protestants to pursue the matter through the courts. However, so far as the record and the briefs are concerned, it is the protestants’ official position that Ritz totally failed to show that public convenience and necessity required that Ritz be granted the authority to operate any additional cabs, and whether there is evidence to support this finding of the Commission is the issue we are now called upon to determine.
Our study of the record convinces us that Ritz’s evidence bearing on the issue of public convenience and necessity is sufficient to sustain the findings and the ultimate decision of the Commission. We perceive of no good purpose which would be served by detailing the evidence adduced upon hearing before the Commission, and deem it sufficient to simply observe that the findings and conclusions of the Commission do find support in the record. Such being the case, the decision of the Commission must be upheld, as we are not at liberty to substitute our judgment for that of the Commission. Parrish v. P.U.C., 134 Colo. 192, 301 P.2d 343.
The judgment is therefore affirmed.
Mr. Justice Pringle, Mr. Justice, Kelley and Mr. Justice Lee concur.